107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John P. NUGENT, Plaintiff-Appellant,
v.
The CLEVELAND ELECTRIC ILLUMINATING COMPANY, Defendant-Appellee.
 No. 96-3449.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 John P. Nugent, proceeding pro se, appeals a district court judgment dismissing his civil suit filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Labor Management Relations Act, 29 U.S.C. § 185(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Nugent sued his former employer, The Cleveland Electric Illuminating Company (CEI), asserting that: 1) CEI did not reasonably accommodate his disability because it did not find an appropriate job for him; and 2) CEI breached the collective bargaining agreement with his union. Nugent also asserted supplemental state law claims. Upon the defendant's motion, the district court granted summary judgment in favor of the defendant.
 
 
 4
 Nugent has filed a timely appeal. His brief is liberally construed as reasserting his original claims. CEI moves to strike certain exhibits in Nugent's brief which were not filed in the district court.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 6
 Nugent is not entitled to relief on his first claim because he did not meet his burden of showing that he was otherwise qualified for his position, even with a reasonable accommodation. See Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1186 (6th Cir.1996). Thus, he lacks standing to bring this suit. See Parker v. Metropolitan Life Ins., No. 95-5269, 1996 WL 613142, at * 3-6 (6th Cir. Oct. 25, 1996). He admitted that he cannot perform his previous job, and he does not present any evidence that he is capable of performing a vacant job. Moreover, CEI has no duty to create a new position in order to accommodate him. See Monette, 90 F.3d at 1187.
 
 
 7
 The statute of limitations bars Nugent's second claim as he filed his suit more than six months after receiving his termination letter. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 170-72 (1983).
 
 
 8
 Because his federal claims are without merit, we decline to exercise jurisdiction over his supplemental state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 9
 Finally, we cannot consider certain exhibits attached to Nugent's brief because the exhibits were not before the district court when it ruled on the motion for summary judgment, and this court cannot consider documents which were not part of the record. See Fed.R.App.P. 10(a); United States v. Bonds, 12 F.3d 540, 552 (6th Cir.1993).
 
 
 10
 Accordingly, the defendant's motion to strike is granted, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation